IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| UNIVERSAL INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. MCP60852 | : : : | NO. 15-40 |

MEMORANDUM

Bartle, J.                                  January 18, 2017

Plaintiff, Universal Insurance Company ("Universal"), has filed a declaratory judgment action against defendant Certain Underwriters at Lloyd's London Subscribing to Policy No. MCP60852 ("Lloyd's"). Both parties have the same insured who was sued in an underlying lawsuit involving an automobile accident. Universal seeks a declaration that its insurance policy coverage is excess coverage and that Lloyd's' insurance policy coverage provides primary coverage. Before the court is the motion of Lloyd's to dismiss this action under Rule 41(b) of the Federal Rules of Civil Procedure pursuant to a settlement.

I.

The underlying lawsuit, Acoy-Pennyfeather, et al. v. CEP St. Croix, LLC, et al., No. 13-72 (D.V.I., June 28, 2013), in which Universal and Lloyd's were not parties, was pending in in the District Court of the Virgin Islands in St. Croix. It was settled on December 28, 2015 before The Honorable Juan R.

Sanchez, who was sitting by designation on that court. All parties to the Acoy-Pennyfeather action, as well as insurers Universal and Lloyd's, were represented at the settlement conference.[1] The settlement provided that Universal and Lloyd's would each pay a sum certain to the plaintiffs in the Acoy-Pennyfeather action. It was also agreed that this pending declaratory judgment action that was initiated by Universal against Lloyd's would be dismissed with prejudice. Specifically, counsel for Lloyd's' insured stated, "There will in addition be a dismissal with prejudice of, I believe it's – there will be a dismissal with prejudice of two pending declaratory judgment actions filed against Lloyd's Underwriters, with all parties in those cases to bear their respective costs and attorney's fees. [. . .] Any coverage claims against Lloyd's will be dismissed with prejudice."

On January 22, 2016, The Honorable Curtis V. Gomez of the District Court of the Virgin Islands entered an Order confirming the settlement agreement. The Order stated, in relevant part, "On December 28, 2015, the parties informed the Court that this action has been settled. The premises [sic] considered, it is hereby ORDERED that the parties' settlement

---

1. The attorney for Lloyd's' insured, Richard Hunter, spoke on behalf of Lloyd's and its insured.

agreement is APPROVED; it is further ORDERED that the parties shall comply with the terms of the settlement agreement[.]"

Lloyd's, of course, recognizes that the settlement agreement is valid and binding on it since it seeks to have this action dismissed based on that agreement. Universal also agrees to the validity of the settlement agreement and desires to have the action dismissed. What is holding up the dismissal is Lloyd's' contention that its pending motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure, filed before the settlement agreement was reached, survives any dismissal of this action.[2] Universal counters that the action should be dismissed in its entirety.

## II.

Rule 41(b) provides:

> If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under

---

2. In its Reply Brief, Lloyd's contends that Richard Hunter, counsel for Lloyd's' insured, was not authorized to speak on its behalf at the settlement conference. Lloyd's attaches Hunter's affidavit, which states "I have never represented Underwriters at Lloyd's, London in either of these two declaratory judgment actions." Significantly, he does not say that he was not authorized to speak for Lloyd's during the settlement negotiations in the underlying lawsuit. Lloyd's accepts the validity of the settlement agreement and argues that this action should be dismissed pursuant to it. Thus, Lloyd's concedes that Hunter was authorized to speak on its behalf in connection with the settlement agreement.

> this rule . . . operates as an adjudication on the merits. F.R.C.P. 41(b).

The settlement agreement, among other things, provided for the dismissal of this action. Judge Gomez stated in his January 22, 2016 Order not only that the settlement was approved but that "the parties shall comply with the terms of the settlement agreement." See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 381-82 (1994).

Clearly the broad language of the settlement agreement requires the dismissal of this action in its entirety. There was no mention of a carve-out for Lloyd's' motion for sanctions when the settlement agreement including the dismissal of this action was placed on the record before Judge Sanchez. Indeed, Lloyd's never argues that Universal agreed to such a carve-out.

A settlement agreement, of course, is a contract. Shell's Disposal and Recycling, Inc. v. City of Lancaster, 504 F.App'x 194, 200 (3d Cir. 2012); Herman v. Bank of Nova Scotia, 2012 WL 4476656 at *4 (D.V.I. 2012). It would be totally unreasonable to infer that all the parties, including the insurers, came to a meeting of the minds to allow Lloyd's' sanctions motion to survive and then failed to make any reference to such a significant term on the record.

Accordingly, the court will dismiss the entire action with prejudice.

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| UNIVERSAL INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. MCP60852 | : : : | NO. 15-40 |

ORDER

AND NOW, this 18th day of January, 2017, upon consideration of the motion of defendant Certain Underwriters at Lloyd's London Subscribing to Policy No. MCP60852 to dismiss pursuant to settlement (Doc. # 21) and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that this action is DISMISSED with prejudice in its entirety.

BY THE COURT:

/s/ Harvey Bartle III        J.
HARVEY BARTLE III
SITTING BY DESIGNATION